# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1408V
Filed: December 5, 2017
UNPUBLISHED

| | |
|---|---|
| KARINA C. KURTZ,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Elizabeth Martin Muldowney, Sands Anderson PC, Richmond, VA, for petitioner.*
*Ilene Claire Albala, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

    On October 27, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on September 3, 2014. Petition at 1. On June 15, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 27.)

    On November 8, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") (ECF No. 34.) Petitioner requests attorneys' fees in the amount of $29,782.60 and attorneys' costs in

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the amount of $1,132.30.  *Id.* at ¶ 4.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  Exhibit 25, filed as the 3rd Attachment to Pet. Motion. Thus, the total amount requested is $30,914.90.

Respondent has not filed a response.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates with the exception of $176.50 billed by Petitioner's counsel on March 23, 2017 for "Drafted status report and prepared same in final form (.5)" and $70.60 billed on March 24, 2017 for "Received and reviewed damages order (.1) received and reviewed ruling on entitlement (.1)." Exhibit 23 at 21.  The undersigned finds duplicate entries of these billing charges for these dates as listed in petitioner's motion.  Accordingly, the undersigned reduces petitioner's counsel's fee request by a total of $247.10.  Because these entries pertain to work performed while at the RawlsMcNelis law firm, the deduction will be made from the total requested for RawlsMcNelis, PC, $29,290.18.  Pet. Motion at ¶ 9.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).

**Accordingly, the undersigned awards the total of $30,667.80[3] as follows:**

- **A sum of $29,043.08, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, for worked performed at  RawlsMcNelis, PC; and**

- **A lump sum of $1,624.72, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, for work performed at Sands Anderson, PC.**

The clerk of the court shall enter judgment in accordance herewith.[4]

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master